JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         **14 CV         1008**
------------------------------------------------------------ x
KENNETH MEEKS,

                              Plaintiff,        COMPLAINT AND
                                                                             JURY DEMAND

              -against-

                                                                             DOCKET #

THE CITY OF NEW YORK, CORRECTION OFFICER
EDWIN MONTANEZ SHIELD #13569, AND JOHN
DOES #1-3,

                                      Defendants.
------------------------------------------------------------ x



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983, and the laws and Constitution of the State of New York.

2. The claim arises from a March 19, 2013 incident in which Officers of the New York City Department of Correction ("DOC") assaulted plaintiff causing serious physical injuries.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff, on the date of the incident, was in the pre-trial custody of the DOC at Riker's Island, in the jurisdiction of the County of the Bronx, State of New York. He was housed at the Otis Bantum Correctional Center (OBCC).

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are wide-spread, long-tolerated and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

9. Correction Officer Montanez, Shield #13569, upon information and belief, was an employee of the DOC on March 19, 2013 and was acting in the capacity of an agent, servant and employee of defendant City, within the scope of his employment, and as such acting under color of state law. On information and belief, defendant Montanez worked at OBCC at the time of the incidents alleged in this complaint, and participated in and/or witnessed and/or failed to intervene in the assault of plaintiff and is sued in his individual capacity.

10. At all times here mentioned defendants were acting under color of state law, to wit,

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to this claim, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On March 19, 2013, plaintiff was in DOC custody at OBCC, a facility on Riker's Island. He was assigned to housing area 1 North.

13. At approximately 5:30PM, correction officers, including defendant officer Montanez, ordered the inmates to line up in preparation for a search.

14. Plaintiff asked if he could retrieve his belt from his bed area and properly secure his pants. The officer told him he could not and would just have to hold his pants up with one hand while keeping the other hand on his head. Although uncomfortable in that position, plaintiff complied.

15. The inmates were taken into the dayroom. Knowing he could be punished for not keeping both hands on his head, plaintiff eventually folded over the top of his pants in order to secure them and placed both hands on his head. The officer approached him and yelled at him for not holding his pants up.

16. The officer then shoved plaintiff repeatedly into the inmate standing next to him, struck him and took him to the ground. The officers jammed a knee into plaintiff's back, kicked him and cuffed him. The officers then sprayed a chemical agent, pepper spray, directly into plaintiff's eyes while he was on the ground.

17. At no time did plaintiff assault or attempt to assault any officer, nor did he present any threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant the assault.

18. After he was assaulted and pepper sprayed, plaintiff was taken to an intake cell and eventually to the showers. Medical personal tried to help soothe his burning eyes but nothing seemed to relieve the burning and the pain. He received additional medical treatment over the next few months for continued blurriness in his eye and severe pain to his lower back.

19. The officers, including officer Montanez, then fabricated charges against plaintiff causing him to be falsely infracted and sentenced to time in the punitive segregation unit.

20. At all times during the events described above, the correction officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

c. Physical pain and suffering;

d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

## FIRST CAUSE OF ACTION
(42 U.S.C. §1983)

23. The above paragraphs are here incorporated by reference.

24. By using excessive force against plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory right to due process of law pursuant to the Eighth and Fourteenth Amendment to the United States Constitution by assaulting plaintiff and fabricating false statements against him for the purpose of covering up their unconstitutional conduct, which caused plaintiff to be charged with disciplinary infractions. Defendants are liable to plaintiff under 42 U.S.C. §1983.

26. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

27. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as DOC

officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

28. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

29. The above paragraphs are here incorporated by reference.

30. The City of New York is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

31. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, notices of claim, inmate complaints, internal investigations, etc.) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies.

32. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the

officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

33. The City of New York knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

34. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

35. The City of New York, despite an increase in the amount of lawsuits filed, the amounts paid out in settlement and the amounts spent on litigation costs, fail to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

36. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

37. The City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

38. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

### THIRD CAUSE OF ACTION
### (ASSAULT)

39. The above paragraphs are here incorporated by reference.

40. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and New York State laws and Constitution.

42. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY)

43. The above paragraphs are here incorporated by reference.

44. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

45. Defendants used excessive and unnecessary force with plaintiff.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, and the New York State Constitution.

47. Plaintiff was damaged by defendants' battery.

### FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

48. The above paragraphs are here incorporated by reference.

49. Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

50. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the

New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

51. The above paragraphs are here incorporated by reference.

52. Upon information and belief, defendant City, through the DOC, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, defendant City, through the DOC, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

54. Upon information and belief, defendant officers were incompetent and unfit for their positions.

55. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously assaulted inmates without sufficient justification.

56. Upon information and belief, defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

57. Upon information and belief, because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

## SEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

58. The above paragraphs are here incorporated by reference.

59. Defendants' intentional tortious acts were undertaken within the scope of their

employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

60. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 12, 2014
Brooklyn, New York

TO: Corporation Counsel
City of New York
100 Church Street, 4th Floor
New York, NY 10007

Correction Officer Edwin Montanez
OBCC
1600 Hazen St.
East Elmhurst, NY 11370

Respectfully yours,

By: Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue 3rd Floor
Brooklyn, NY 11217
(718) 852-3710